# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**JANET HOPE KING,**

       **Plaintiff,**

**v.**                                                        Civil Action No. 2:09cv140
                                                                         (Judge Maxwell)

**WARDEN CROSS,**

        **Defendant.**

## OPINION/REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF

### I. Factual and Procedural History

The *pro se* plaintiff initiated this case on December 2, 2009, by filing a "Motion for Injunction." In the motion, the plaintiff, a federal inmate, asserts that she was the subject of an institutional investigation at the Hazelton Secured Female Facility in Bruceton Mills, West Virginia ("SFF-Hazelton"). Because of the investigation, she was placed in the special housing unit ("SHU") and has been recommended for a transfer.

The plaintiff's claims appear to center around the procedures taken during the investigation. For instance, the plaintiff complains that the information which prompted the investigation was false and that she was never interviewed prior to being placed in the SHU. Moreover, the plaintiff alleges that the investigator failed to disclose "discovery," failed to allow her to inspect evidence and failed to allow her to make any statement in her own defense.

Further, the plaintiff asserts that during the investigation, she filed a sexual misconduct complaint against the investigator. Therefore, she asserts that the investigator should have been removed from the proceedings. The plaintiff also asserts that although the investigation revealed no

cause for a written incident report or other disciplinary action against her, she was recommended for a transfer. Thus, the plaintiff asserts that the transfer recommendation is without cause and prejudicial.

The plaintiff concedes in her motion that she has not exhausted her administrative remedies with regard to this claim. Nevertheless, she alleges that her attempts to exhaust were hindered by the actions of staff. In addition, the plaintiff does not state specifically the scope or nature of the injunction that she seeks. Instead, she merely states that she wishes the Court to contact Warden Cross so she may enter her lawsuit with this Court.

## II. Analysis

The standard for granting injunctive relief in this Court is set forth in Real Truth About Obama, Inc. v. Federal Election Comm'n, 575 F.3d 342 (4th Cir.2009). As articulated in Real Truth, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Id*. at 346 (citations omitted).

In his case, the plaintiff has failed to establish that she is likely to succeed on the merits of her claim. Indeed, the plaintiff concedes that she has not exhausted her administrative remedies and fails to clearly define either the nature or scope of the injunctive relief she seeks. Also, the plaintiff has failed to establish that she will suffer irreparable harm if an injunction does not issue. In fact, the plaintiff makes no allegations of irreparable harm. However, construing the motion liberally, it is possible that the plaintiff also attempts to state a claim pursuant Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395 (1971) (authorizing suits against federal officials

in their individual capacities). Nonetheless, the plaintiff has failed to file a proper Bivens complaint.

### III. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's Motion for Injunction (dckt. 1) be **DENIED**. In addition, the undersigned recommends that the Clerk be directed to send the plaintiff a blank civil rights form on which she may, if she so chooses, more clearly articulate any Bivens claims she may have.

Within fourteen (14) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: December 3, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE